LEMMON, Judge,
dissenting and assigning reasons.
Sears’ principal demand is $1,328.70, plus 25% attorney’s fees and court costs. Mrs. Reese’s claim for the Truth in Lending penalty amounts to $856.52 (twice the finance charge, up to a maximum of $1,000.00).
Since the principal demand far exceeds the claimed penalty in this case, Mrs. Reese’s entire claim may be asserted. as compensation against the principal demand.[1] I therefore disagree with the affirmation of a judgment which entirely dismisses the reconventional demand as prescribed.
Because this case involves only an incidental demand in reduction of the principal demand, we are not called upon to decide whether Mrs. Reese could utilize C.C.P. art. 1067 to achieve affirmative recovery. . Any decision that she could not do so is unnecessary under the facts of this case (at least in the determination of the exception of prescription prior to trial on the merits), and I would defer such a decision until the issue is squarely presented.

. Use of such claims as an affirmative defense has been approved in the Reliable Credit and Termplan cases. However, such a claim is not technically a defense, but is more properly asserted as a reconventional demand in reduction of the principal demand.
For a comprehensive discussion, of the subject, see Dworetzky, Truth in Lending and the Statute of Limitations, 21 Vill.L.Rev. 904 (1976).